## JACK GAVIN *v.* WILLIAM SANDERS.

[Abstract Kentucky Law Reporter, Vol. 5—321.]

**Husband's Right to Homestead.**

> Under the statute, the fee being vested in the wife and the latter entitled to a homestead in the land as against any liability she or her husband might incur, the right to the homestead passed to the husband on the death of the wife for the benefit of himself and children.

APPEAL FROM BARREN CIRCUIT COURT.

October 4, 1883.

OPINION BY JUDGE PRYOR:

This court in the case of *Little's Gdn. v. Woodward,* 14 Bush (Ky.) 585, discussed the question as to whether the husband was entitled to a homestead in the land of his wife under the Act of February, 1866, and adjudged that he was not entitled. Acts 1865-6, ch. 494. In the decision of that case reference was made to the change brought about by the adoption of the general statute which by its provisions expressly preserves the homestead of a woman for the benefit of her husband and children. Gen. Stat. 1881, ch. 38, art. 13, § 15. The homestead rights under the section of the general statutes in that case were derivative merely, and it was further said in that case that if the Act of 1866 gave the husband such a right §§ 14 and 15 of the general statute were incorrectly added. The question in that case was whether the husband took a homestead in the land of his wife under the act of 1866, and it was held that he did not, but clearly intimated and in fact decided that the change made by the general statute gave him that right; but as the wife died prior to the adoption of the statutes they did not apply. In this case the wife was vested with the fee and she and the husband in possession, with a child of the wife by a former husband and certain grandchildren living with them. The husband was not tenant by the curtesy as the wife had no children by the second marriage, but under the statute, the fee being vested in the wife and the latter entitled to a homestead in the land as against any liability she or her husband might incur, the right to the homestead passed to the husband and the judgment must be *affirmed.*

Judge Lewis not sitting.

*W. L. Porter, & Ritter, for appellant.*
*Everbach & Badger, for appellee.*