JUDGE ELLIOTT
delivered the opinion of the court, JUDGE PRYOR DISSENTING.
This appeal questions the correctness of the judgments of the court below in adjudging a sale of the house and lot de *525 vised to appellant by her late husband in payment of debts incurred by testator in his lifetime.
By his will the testator devised to the appellant all his estate for and during her natural life, and if his sister, Mrs. Dodge, survived appellant, she was to have one third of his estate, but otherwise the appellant had the general power to dispose of the testator’s estate as she might think proper.
At his death the testator was the owner of a house and lot in thé town of Athens, Fayette County, and his personal estate being insufficient for the payment of his debts the appellees, as creditors of his estate, brought their actions in the Fayette Circuit Court for the-settlement of the estate and a sale of decedent’s realty in payment of their claims.
The appellant, in her answer, states that the house and lot sought to be sold in satisfaction of appellees’ claims was the residence of herself and late husband, and is her residence yet, and that the claims on which the sale is sought accrued to the plaintiffs after the month of June, 1866. She states further that the house and lot is worth less than $1,000, and as she was the wife and is now the widow of the testator she is entitled to have the house and lot set apart to her as a homestead; and whether she is so entitled is the only material question on this appeal.
The testator devised his entire estate to appellant for life, subject to the payment of his debts, and departed this life in 1869. The will was duly probated in the county court of Fayette, the county of decedent’s domicile, and its provisions accepted by the appellant; and the question is, as appellant elected to hold her late husband’s estate under and by virtue of his will, can she hold it under the law, and in opposition to the will?
In Vance and wife v. Campbell’s heirs (1 Dana, 229) this court decided that where a man devised his entire real estate to his wife during her life or widowhood and died, and the widow *526 accepted the provisions of the will and married, the law denied to her any dower interest in the land so devised, although she lost all the estate devised, because of her second marriage, and in that case the court hold the following language: “The marriage ipso facto terminated the devisee’s right to any portion of the estate as derived from the will. And as she had not renounced the provisions made for her by the will, but had elected to hold under the will, she can not be entitled to any part of the estate by operation of law and contrary to the provisions of the will. Having elected to hold under the will, and having so held until after the time allowed for renunciation had expired, she can not now be permitted to assert a right against the will or independently of it.” And in Chambers and wife v. Davis, &c. (15 B. Mon. 522) this court held that “ if an estate be legally settled on the wife before marriage as a jointure in lieu of dower, or if, after the death of her husband, she has dower regularly allotted to her, in either case such estate would not be liable for the payment of the husband’s debts. But when she takes under the will she holds the estate as devisee merely, and derives no right to it as widow, although the devise may have the effect to bar her claim to dower. The statute allows her the right to waive the provisions made for her by the will, and demand her dower, but if she fails to do it and claims under the will, she occupies the same attitude as other devisees. The act is voluntaiy on her part, and if she accepts the provisions made for her by the will, she must take the estate subject to all claims against it.”
The widow of a deceased husband holds the homestead interest in his estate like she holds the dower interest by reason of having been his wife and having survived him; in other words, the law vests in her the right to a homestead and to dower in her late husband’s lands by reason of being his widow; but when she elects to hold under the provisions of her late husband’s will, she can not be entitled to any part of his estate by operation of law and contrary to the provi *527 sions of the will. As therefore the appellant accepted the provisions- of the testator’s will, and as by it his estate was charged with the payment of his debts, she can not now defeat the claims of his creditors by an effort to hold a homestead in the devised premises by operation of law. We regard the cases of Chambers and wife v. Davis, &c. and Vance, &c. v. Campbell, &c. as conclusive of this case.
To permit appellant to retain the house and lot as a homestead would be to permit her to hold the same in direct opposition to her husband’s will, because by the will his whole estate is charged with the payment of his debts. Appellant would therefore get a life-estate under the homestead law, and the fee in her husband’s estate, by virtue of his will, and yet defeat the claims of his creditors, although his whole estate is charged with their payment. This would be in direct conflict with the law which has been cited in this opinion.
Wherefore the judgment is affirmed.
Judge Pryor dissenting.