JUDGE HINES
delivered the opinion of the court.
Agnes Little, the wife of James T. Little, died in January, 1868, seized of a tract of land in McLean County, and at that time occupied as a home for herself and family. James T. Little remained in possession of the land, in person or by tenant, until his death in 1877, when this action was instituted by T. D. Little, one of the children of Agnes and James T. *586 Little, against the other children of James T. and Agnes Little, in which he sought to have a sale of the land and a division of the proceeds between the children.
One of the children, Leo Little, being under twenty-one years of age, answers by his guardian, makes his answer a cross-petition, and claims a homestead in the land, and consequently the right to occupy it as a homestead until of age. To this answer and cross-petition a demurrer was sustained, and an appeal taken to this court.
Waiving consideration of whether the infant is strictly a party to the proceedings on the cross-petition, so as to bind him by any judgment that might be rendered, we proceed to inquire whether there is any homestead exemption.
The act of February 10, 1866, which was in force in 1868 (Myers’s Supplement), sec. 5, provides that “ such exemption shall continue after the death of the defendant for the benefit of his widow and children.”
The General Statutes, which went into effect in December, 1873, article 13, section 13, chapter 38, contains the provision just quoted, and in sections 14 and 15 of same article and chapter, the following provisions, not found in the act of 1866, to wit:
“ The homestead shall be for the use of the widow so long as she occupies the same, and the unmarried infant children of the husband shall be entitled to a joint occupancy with her until the youngest unmarried child arrives at full age. But the termination of the widow’s occupancy shall not affect the right of the children; but said land may be sold, subject to the right of said widow and children, if a sale is necessary to pay the debts of the husband.
“ The homestead of a woman shall, in like manner, be for the use of her surviving husband and her children, situated as above; and, when his and their interest ceases, it shall be disposed of in like manner, and the proceeds applied on the *587 same terms to her debts; if none, divided among her. children.”
The right to a homestead exemption is purely statutory, and if not found in the letter and spirit of the law, it can not he raised by implication, through the rule of liberal construction, which is applied to facilitate the object of the statute where the subjects of its bounty are made manifest. Whenever it is clearly ascertained who are intended to be benefited by the statute, then the application of that rule in securing the benefit is proper.
A proper construction of the clause quoted from the act of 1866 would seem to continue the beneficial enjoyment of the homestead to the “widow and children” only in case it had been the homestead of the husband in his own lands as distinguished from the lands of his wife. If that view be correct, the husband took no homestead interest • in the land of his wife at her death in 1868, and his occupancy of the place up to his death was not in the exercise of a homestead right, but his interest was simply and solely an estate by the curtesy.
But in the General Statutes we have a legislative construction that appears to point unerringly to the conclusion that the view just expressed is correct. The 15th section, already quoted, expressly preserves the homestead of a woman for the use and benefit of the husband and children. If the legislature supposed the existence of such a right under the act of 1866, the 14th and 15th sections were unnecessarily added.
• The homestead right under those sections appears to be derivative merely. The homestead occupied by the husband at his death continues, under the 14th section, for the benefit of the widow and infant children until the youngest unmarried child arrives at full age, and the termination of the wife’s occupancy shall not affect the right of the children. By the 15th section the homestead of the wife is, in a like *588 manner, continued for the use of her surviving husband and children, with this distinction, that the homestead of the widow, which is derived through her deceased husband, can not be forfeited, as against the children, by abandonment or a cessation of occupancy, while the homestead derived by the husband and children through the deceased wife may be lost by alienation or by abandonment, as might be done by the husband of his homestead during the life of the wife.
If, then, there was any homestead right in the husband at the time of his death, it was an original and not a derivative right, and the question, as to whether it continued for the benefit of the infant child after his death, must depend upon the construction to be given to the 13th section of the General Statutes and the 5th section of the act of 1866.
Under these statutes this court has frequently held that the homestead right is not an estate in the land, but a mere privilege of occupancy which might be lost by abandonment or by alienation.
If the title to the land was in the husband, and might be subjected to the payment of his debts after his death, but for the existence of the homestead, we are of the opinion that the husband’s homestead right would be continued for the benefit of the infant children or of the widow. For we have held that the widow is entitled to the exemption though she has no children,, and by parity of reasoning the children, when there is no widow, would be entitled to the exemption. (Eustache v. Rodaquest, 11 Bush, 46.)
It is to be inferred that the legislature was looking with quite as much solicitude to the support and care of the children as to the welfare of the widow. But for the previous rulings, holding that the homestead continued for the widow without children, there would be some plausibility in the suggestion that the use of the copulative conjunction, in the sentence “for the use of his widow and children,” expressed *589 the intention that the homestead did not survive unless both the widow and children were living at the death of the husband and father.
But that such was not the intention where the land belonged to the deceased wife is manifest. There can be no homestead where there is no title or right to possession. The object of the statute is to protect the property of the homestead claimant from coercive sale, and not to give him or her a substantive interest in the property of another.
The father’s interest in this land ceased absolutely at his death — the termination of the . estate by curtesy — and consequently there was no interest left which could support a homestead; no interest to be transmitted for the deceased husband’s heirs or estate. The infant’s claim to homestead is purely derivative through his father, and can not exist unless, first, the father actually acquired a homestead, and it existed at his death; and secondly, unless the interest in the land out of which the homestead was carved continues to exist.
The answer and cross-petition does not allege that the father at his death was a bona fide housekeeper with a family, and that he was in the occupancy of the land as a homestead. The allegation is that the mother, at her death in 1868, was in possession as a bona fide housekeeper, with a family. This allegation we do not think sufficient, even if any homestead could exist under the circumstances. It must appear by apt averments that the party through whom the homestead is sought to be perpetuated was himself entitled at the time of his death.
Judgment affirmed.