*Harlan & Wilson, for appellant.*

*Rodman & Brown, for appellees.*

---

### ELIZABETH ELMORE *v.* WM. F. ELMORE'S ADMR.

[Abstract Kentucky Law Reporter, Vol. 4—622, as Ellmore v. Ellmore's Admr.]

**Waiving Right to a Homestead.**

   At the death of the husband the right to the homestead passes to the widow, with the right of the infant children to occupy it jointly with her; but where the widow accepts the provisions of the husband's' will devising to her his estate she waives the right to a homestead and in that condition the children can have none.

### APPEAL FROM MADISON CIRCUIT COURT.

January 25, 1883.

OPINION BY JUDGE PRYOR:

In the case of *Watson v. Christian,* 12 Bush (Ky.) 524, this court held in effect that at the death of the husband the right to the homestead passed to the widow, with the right of the infant children to occupy it jointly with her, but further held that the widow in accepting the provisions of the husband's will devising her his estate waived the right to a homestead. The widow accepted the provisions of the will in this case and therefore has no right of homestead, and if she has no homestead the children under such a state of case can have none. If the children have an interest distinct from that of the mother (the mere right to occupy it with her) then the widow could accept the provisions of the will, thereby losing her homestead, and the children claim the homestead by reason of their interest, regardless of the rights of the mother. We would then have the widow with property she had taken in lieu of the homestead occupying it, or with the right to occupy it, and the infant children in possession of and claiming in their own right the actual homestead, and this would in effect be creating two homesteads in the same estate. Where the widow, being entitled to and in the possession of the homestead, dies or abandons it, her mere failure to occupy it does not affect the rights of the children, but her acceptance of dower or any interest devised to her in lieu of homestead destroys the homestead as to both the mother and the children. Following the case, therefore, of *Watson v. Christian,* which has been recognized in subsequent cases, the judgment below was proper and is now *affirmed.*

*John Bennett, for appellant.*

*C. F. & A. R. Burnam, for appellee.*