Derr v. Wilson.

CASE 2—PETITION ORDINARY—MARCH 20.

# Derr v. Wilson.

APPEAL FROM OWEN CIRCUIT COURT.

1. A JUDGMENT CAN NOT BE ASSAILED COLLATERALLY, although erroneous in all its parts, if the court rendering it had jurisdiction.

2. HOMESTEAD.—The owner of land, who is a housekeeper with a family, and in possession, is entitled, as against creditors, to an exemption of so much of the land, including the dwelling-house upon it, as shall not exceed in value one thousand dollars, with the right to dispose of it as he sees proper; but a court having jurisdiction of the parties and of the subject-matter, having limited the debtor's right in the homestead to an estate for life and ordered a sale of the remainder, the validity of that judgment can not be questioned in a proceeding by the purchaser under it to recover possession of the property, the life-tenant having died.

3. SAME.—It is only where the owner of the homestead dies without disposing of it that it passes to his widow and children, and then it may be sold subject to their joint occupancy.

JOHN W. LEWIS FOR APPELLANT.

1. A void judgment is an absolute nullity, and may be assailed in a collateral proceeding by any party whose rights are affected by it. (Freeman on Judgments, ed. 1881, section 117; Jones & Kelly v. Commonwealth, 2 Duvall, 82; Carpenter v. Strother's Heirs, 16 B. M., 295; Landrum v. Farmer, 7 Bush, 49; Roberts v. Stowers, 7 Bush, 295, 297.)

2. The judgment assailed in this case was in contravention of the right of alienation of the homestead given by the statute, and, therefore, void. (Allensworth v. Kimbrough, 79 Ky., 332.)

W. C. & C. C. McCHORD FOR APPELLEE.

The judgment of a court having jurisdiction is binding until set aside or reversed. and can not be assailed in a collateral proceeding, (Green v. Ball, 4 Bush, 590; Garner's Adm'r v. Strode, 5 Litt. 315; Dunlap's Heirs v. McElroy, &c., 3 Litt., 273; Dorsey, &c., v. Kendall, 8 Bush, 279; Shackleford v. Miller, 9 Dana, 274; Huntington v. Reed, 8 B. M., 102; Hynes v. Oldham, 3 Mon., 267; McIlvoy v. Speed, 4 Bibb, 85; Wallace v. Usher, Ibid., 508; Newman's Pleading and Practice, 48; Lovier v. Gilpin, 6 Dana, 321.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

This is an action in the nature of an ejectment by the appellee against the appellant, to recover possession of a house and lot in the town of Mackville, in the county of Washington. The appellee claims to have derived title through a sale made by the commissioner in the case of Wilson v. Derr. The original owner, John Derr, executed a mortgage to Wilson on the property in controversy to secure the latter in the payment of a sum of money owing him by Derr. The wife of the mortgageor was not a party to the mortgage, and hence the homestead did not pass by the conveyance. Wilson instituted an action in equity to foreclose his mortgage, when John Derr filed his answer setting up his claim to a homestead, alleging that his wife failed to unite with him in the mortgage and that she was then dead, but left him in possession of the property with his infant child. That the lot was not worth exceeding one thousand dollars, or, if worth more, he, the defendant, was entitled to that much of the proceeds of sale. This was the only defense of a substantial character made to the action.

The Chancellor below, in the construction of the provisions of the homestead law, adjudged that "John Derr had a homestead for life in said property, and that his son, Andrew Derr (who was then nineteen years of age), had a contingent right of homestead in said property for two years from the date of the judgment," and then directed a sale of the property subject to this interest of the father and son. A sale was made, and the mortgagee Wilson, or his

representative, purchased the property, subject to this incumbrance.

After this sale was made and a conveyance to the purchaser, John Derr sold the lot to his son, Thaddeus Derr, who is the appellant here, insisting that the judgment under which the appellee purchased was void and passed no title.

The facts constituting his defense were relied on in his answer, to which a demurrer was sustained by the court below.

The original judgment against his father, limiting his right to an estate for life, and vesting his infant son with an interest for two years on the contingency that he survived his father, was erroneous; but that judgment stands unreversed, and having been rendered by a court having jurisdiction of the subject-matter and the parties, it must be regarded as a valid judgment; and John Derr being dead, and his son having arrived at age, Wilson, the purchaser, as against these parties, is invested with a perfect title.

The owner of the land, who is in possession and a housekeeper with a family, is entitled as against creditors to an exemption of so much of the land, including the dwelling-house upon it, as shall not exceed in value one thousand dollars. This belongs to him, with the right to dispose of it as he sees proper, because the creditors have no interest in it; but the court below having held otherwise, this court can not, in a proceeding of this sort, question the efficacy of that judgment or disturb it in any way.

It is only where the owner of the homestead dies

without disposing of it that it passes to his widow and children, and then it may be sold subject to their joint occupancy; that is, to be held by the widow so long as she occupies it for her benefit and the infant children, and if she dies or abandons it, the unmarried infant children can occupy it until the youngest marries and arrives at age. (General Statutes, chapter 38, article 13, section 14.)

The owner of the land is the owner of the homestead if he shows himself entitled as provided by the statute, and of this he cannot be deprived unless he sells it or abandons it, or is barred of this right by a litigation in which the issue as to this right is involved, or is guilty of some act that estops him from asserting such a claim.

Suppose the court below had held in the former proceeding that he was not entitled to a homestead, could there be any question as to the right of the purchaser under such a judgment? Where the court has no jurisdiction of the subject-matter or of the parties, the judgment would be void, but where the court has jurisdiction, and the defendant appears or is warned according to law, the judgment is not void, although it may be erroneous in all its parts; nor can an erroneous judgment be assailed collaterally, and, therefore, the demurrer was properly sustained to appellant's answer. Judgment affirmed. (Hynes v. Oldham, 3 Monroe, 266; Newcomb v. Newcomb, 13 Bush, 544.)