Myers' Guardian v. Myers' Adm'r.

CASE 66—PETITION EQUITY—JANUARY 16.

# Myers' Guardian v. Myers' Adm'r.

APPEAL FROM FLEMING CIRCUIT COURT.

1. HOMESTEAD.—The homestead exemption in favor of a debtor continues after his death for the benefit of his widow and infant children as against claims of creditors proved in an action for the settlement of the decedent's estate.

2. SAME.—The widow and children can not be disturbed in their possession of the homestead while the widow lives; and, in case of her death or abandonment, the children can not be deprived of the enjoyment and possession of it before they arrive at full age. And, in case of a sale of the homestead, the widow, or, in the event of her death or abandonment, the infant children, are entitled to the use of the proceeds.

3. SAME.—The failure of the widow to renounce the provisions of her husband's will can not affect the rights of the infant children as to the homestead.

4. SAME.—The owner of a homestead, not exceeding one thousand dollars in value, can pass title to the property to his widow and children by will, and his creditors can not complain.

G. A. CASSIDY AND L. J. MOORE FOR APPELLANT.

1. A debtor has the right to dispose of his homestead, either by deed or will, and creditors can not complain. (Brooks v. Collins, 11 Bush, 622.)

   The case of Watson v. Christian, 12 Bush, 524, explained.

2. The infant defendant had the right to have money realized by a sale of real estate set apart to her in lieu of the exempted personalty not on hand. (Gen. Stats., p. 484.)

3. The failure of the widow to renounce the provisions of the husband's will, especially when it confers upon her property beyond the reach of creditors, does not deprive either her or the infant children of the right to a homestead.

4. An attorney can not act as administrator, and, at the same time, represent the creditors of the decedent. (Graves & Wells v. Long's Assignee, 10 Ky. Law Rep., 414.)

5. The court erred in adjudging a sale of the real estate, at the instance of creditors whose claims had not been reduced to judgment. A mere claimant, who has not recovered judgment and caused execution to issue, is not a creditor in contemplation of law. (Underwood v. Ogden, 6 B. M., 606.)

Myers' Guardian v. Myers' Adm'r.

.J. H. POWER for appellee.

1. The courts have never so liberalized the homestead laws as to go beyond the spirit of them, and raise the homestead by implication. (Little's Guardian v. Woodward, 14 Bush, 588.)

2. The homestead right is a mere personal privilege of occupancy that can not be aliened separately from the fee. (Little's Guardian. v. Woodward, 14 Bush, 588; Thompson on Homesteads, secs. 452, 497; White v. Rice, 5 Allen, 73; Smith v. Provin, 4 Allen, 516; Doyle v. Cohern, 6 Allen, 71.)

3. The infant daughter of the testator can not claim either a homestead or the absolute title to the house and lot, through the will of her father, unless she takes said title subject to the payment of her father's debts. The widow having failed to renounce the provisions of her husband's will, neither she nor her infant child is entitled to a homestead. (Watson v. Christian, 12 Bush, 524; Vance, &c., v. Campbell's Heirs, 1 Dana, 229; Chambers, &c., v. Davis, 5 B. M., 522; Taylor v Loller's Ex'rs, 8 Ky. Law Rep., 773.)

4. Where the articles of personal property, which the statute directs to be set apart to the widow and children of a decedent as exempt, are not on hand, they are not entitled to their value out of the proceeds of the sale of land. The words, "other property," as used in the statute, refer to *personal* property.

CHIEF JUSTICE LEWIS delivered the opinion of the court.

By his will, dated February 12, 1885, and proved and admitted to record February 23, 1885, Michael A. Myers devised to his wife, Ann J. Myers, for life, remainder to his daughter, Hattie E. Myers, all his estate, consisting of a small amount of personalty, since consumed, and a house and lot, the subject of controversy. June 8, 1888, J. H. Power was appointed administrator of the estate of the testator, the widow having died in May, 1888, and June 11, 1888, instituted this action for a sale of the house and lot, and application of the proceeds to payment of creditors, whose debts, as alleged in the petition, amount to about four hundred and fifty dollars, and the cost of administration and of the action. Hattie E. Myers, who is an infant, by

her guardian *ad litem*, filed an answer, alleging her father, at the time of his death, was a *bona fide* housekeeper, with a family, and as such occupied the house and lot, which is of less value than one thousand dollars, and that, in virtue of his will, her mother being dead, she is the absolute owner thereof, and asked judgment to that effect; but in a second paragraph she asked that, in case the court adjudged the property subject to payment of debts against the testator, her homestead right to the proceeds be saved, and set apart to her.

The court, however, sustained a general demurrer filed by the administrator to the answer, which had been made a counter-claim, and, in pursuance of the judgment rendered, the house and lot were sold by a commissioner, bringing at the sale five hundred and five dollars, which will, unless this court intervenes, be paid out according to the prayer of the administrator, excluding the infant as well from what is claimed for her in virtue of the statute as under the will of her father.

Section 13, article 13, chapter 38, General Statutes, in express terms provides the homestead exemption in favor of an execution debtor, or one against whom judgment has been rendered, shall continue after his death for the benefit of his widow and children, subject, however, to be estimated in allotting dower; and, of course, the reason of the law requires, and, consequently, we must presume the Legislature intended, such exemption should exist, and be continued as to claims of creditors proved in an action for the settlement of estates of deceased persons under provisions of the Civil Code.

Section 14 provides: "The homestead shall be for the use of the widow so long as she occupies the same, and the unmarried infant children of the husband shall be entitled to a joint occupancy with her until the youngest unmarried child arrives at full age. But the termination of the widow's occupancy shall not affect the right of the children; but said land may be sold, subject to the right of said widow and children, if a sale is necessary to pay debts of the husband."

By a fair construction of that section, the widow and children can not be disturbed in possession of the homestead while the widow lives, nor, in case of her death or abandonment, can the children be deprived of the possession and enjoyment of it before they arrive at full age; and in case of a sale of the homestead, the widow, and in case of her death or abandonment, the infant children, are entitled to the use of the proceeds; for not only is it in terms provided that the termination of the widow's occupancy shall not affect the right of the children, but this court, in the cases of Eustache v. Rodaquest, 11 Bush, 46, and Little's Guardian v. Woodward, 14 Bush, 585, has decided that the children, when there is no widow, would be entitled to the exemption. Such being the condition and relative rights of the widow and children when the owner of a homestead dies intestate, we are at a loss to see how the failure of the widow to exercise an election not to take under a will of such owner could prejudice his infant children; and, consequently, it seems to us the case of Watson v. Christian, 12 Bush, 524, has no application, for there it was simply decided the widow, who had not elected to

renounce the will of her husband, by which it was provided his debts should be first paid out of the homestead before she was entitled to any part of the estate devised, could not claim as widow under the statute, the right of the infant children, if there were any, not being involved at all.  But the further, and hitherto undecided, question is presented, whether the owner of a homestead not exceeding one thousand dollars in value can pass title to the property to his widow and children by will.

It has been decided by this court, more than once, that the owner of a homestead has power, under the statute, to convey, by deed, and pass a good title to the property, not exceeding one thousand dollars in value, the reason being that such conveyance does not affect rights of creditors.  (Brooks v. Collins, 11 Bush, 622; Richart v. Utterback, 10 Ky. Law Rep., 548.)

In the last named case, the debtor conveyed the homestead to his children, in consideration of love and affection, and a continuance by them of kindly service and attention during the remainder of his life ; but the use and occupation thereof was, by the terms of the deed, reserved by the grantor during his life.   Although the effect of that conveyance was to postpone the use and enjoyment of the property by the grantees until after death of the grantor, and to pass to them only an interest in remainder, nevertheless it was held, that as the owner of the homestead had the right to convey the whole estate, there was no reason for denying him the right to convey less than the whole, for, in neither case, were creditors thereby prejudiced.

The reason of the homestead statute, and manifest policy of the Legislature, is to secure to each housekeeper, with a family, a homestead, of the value of not more than one thousand dollars, that shall not only be exempt from coercive sale, but may be sold and conveyed by the debtor. As, therefore, credit is not, nor need be given to the owner of such homestead, upon the faith it can and will be made liable for any debts contracted by him, no one is or can be prejudiced or injured, in fact or in law, by the transfer or conveyance of it by him, whether to his wife and children for a good, or to strangers for a valuable, consideration. And it would, therefore, seem no more injury to creditors, nor in contravention of the purpose and reason of the homestead law, for the debtor to pass the title by will than by deed; for if, as has been held, he can, by deed, and for merely love and affection, convey the remainder interest to his children, reserving a life estate to himself, we see no reason why he may not do practically the same thing by will, because his creditors are prejudiced in one state of case no more than the other; in fact, they are not wronged in either; but, in both, the object of the law, which is to secure to every housekeeper, with a family, the certain and uninterrupted enjoyment of a homestead, is accomplished.

In our opinion, Hattie E. Myers was, under the will of her father, entitled to the interest in remainder of the house and lot; and it having been sold, and her mother being dead, she is now entitled to the whole amount for which it was sold.

Wherefore, the judgment is reversed, and cause remanded for further proceedings consistent with this opinion.