CASE 67—PETITION EQUITY—MAY 23.

## Pendergest, &c., v. Heekin, &c.

APPEAL FROM PENDLETON CIRCUIT COURT.

1. HOMESTEAD.—A debtor may, by will as well as deed, invest his wife or child with title to his homestead free from the claims of his creditors.

2. SAME.—A debtor residing with his family on land devised to him is entitled to a homestead therein against debts created prior as well as debts created subsequent to the time he acquired title.

In this case a widow with a family is held to be entitled to a homestead in land devised to her by the husband, as against debts created by her after the death of the testator.

Pendergest, &c., v. Heekin, &c.

3. AN APPEAL LIES from a judgment dissolving an injunction where it is rendered on final hearing, and as part of a judgment dismissing the petition.

JOHN H. BARKER FOR APPELLANTS.

1. Appellants are entitled to the homestead exemption. (Allensworth v, Kimbrough, 79 Ky., 332; Myers' Guardian v. Myers' Adm'r, 89 Ky., 442.)

2. Injunction was the proper remedy. (High on Injunctions, secs. 147-269; Willard on Injunctions, secs. 125, 126.)

J. T. SIMON FOR APPELLEES.

1. An order dissolving an injunction is not a final order and can not be appealed from. (Civil Code, secs. 296, 297; Rodman v. Forline, 2 Met., 325.)

2. No notice was given the appellees of the application for the injunction, and the injunction was improperly issued. (Civil Code, sec. 276.)

3. The facts alleged are not sufficient to authorize an injunction. Appellants have their remedy at law. (High on Injunctions, secs. 367, 368; Grant v. Simrall, 79 Ky., 438; Nesmieth v. Bowler, 3 Bibb., 487.)

CHIEF JUSTICE BENNETT DELIVERED THE OPINION OF THE COURT.

John A. Pendergest died testate. By the terms of his will his wife gets all his property during life or widowhood, remainder to his son; but in case he should die before his mother, and without issue, then she gets the estate absolutely. The testator's estate devised consisted of a house and lot in the town of Falmouth, not worth exceeding one thousand dollars. After the death of the testator the widow contracted some debts to the appellees Heekin & Hill, upon which they obtained judgment in the Pendleton Circuit Court. Executions were obtained thereon, and levied upon the house and lot devised. This suit was brought to set aside the levies, and an injunction to prevent the sale until the court could act was obtained. The executions were levied upon the idea that the

debts were created by the testator in his life-time, and that the property (his homestead) could be sold subject to the homestead right of the widow and infant children therein; for the debts were not debts due by the testator. Now, according to the decision of this court (see Myers' Guardian v. Myers' Administrator, 89 Ky., 442) a testator may will his homestead and invest the devisee, though such devisee may be his wife or child, with the title the same as he could do by deed. In such case if the real estate devised is not worth more than one thousand dollars, and if he has a family, the devisee is entitled to a homestead under the provisions of the General Statutes, and if it takes the property devised to make it, it is not subject to his debts made prior thereto, because property acquired by descent or will is not subject to the prior debts of devisee to the extent of a homestead therein, nor is it subject to the debts of the devisee created after the property was thus acquired. In this case the widow is entitled to a homestead in said property, she having a family.

It is, however, urged that as there was a motion to dissolve the injunction, and as it was dissolved, the appellant's remedy was to apply to have the injunction reinstated, and the remedy can not be reached by appeal But the facts stated in the petition and amended petition show that the appellants were entitled to have the levy of the executions upon the house and lot quashed, which the court ought to have done; but, instead, it dismissed the petition, and both the dismissal and the dissolution occur in the same judg-

ment; and as the dismissal of the petition is a final judgment and appealable, and as the order of dissolution occurs by the same judgment, the proper remedy is to appeal the whole case.   Sections 296 and 297 of the Civil Code, that provide for an application to one of the judges of this court to reinstate an injunction that is dissolved upon motion, apply to the dissolution of injunctions upon motion in advance of the rendition of a final judgment in the case.   In such case no appeal can be taken from the order of dissolution, because no final judgment has been rendered.   Hence the remedy is by motion to reinstate; but if the injunction is dissolved upon rendering the final judgment in the case, then the remedy is by an appeal of the whole case.   But, as said, the court should have quashed the levies of the executions upon the house and lot, and the case is reversed, with directions to quash said levies.