CASE 73—PETITION EQUITY—MAY 27.

# Hazelett, &c., v. Farthing, &c.

APPEAL FROM FRANKLIN CIRCUIT COURT.

94 421
108 540
e108 542

94 421
f133 382

1. CONSTRUCTION OF DEVISE TO " WIFE AND CHILDREN."—A devise by a testator " to my beloved wife and children," naming the persons intended, and including in the list a step-son, and omitting one of the testator's own children, gives to the persons named a joint and equal interest in the property devised, and not merely a life estate to the wife, remainder to the other persons named.

2. WHERE A TESTATOR DISPOSES OF HIS ·HOMESTEAD BY HIS WILL, and the widow accepts the provisions of the will, neither she nor the testator's children can claim a homestead right, a person having the right to dispose of his homestead by his will as he may choose, subject only to the right of the wife to renounce the will and claim under the statute.

A testator having devised his homestead to his wife and a portion of his children, an excluded child having inherited an interest by the

Hazelett, &c., v. Farthing, &c.

death of one of the devisees, is entitled to have the property divided and her interest allotted to her.

RUFUS S. DINKLE FOR APPELLANTS.

1. One can not claim under and against a will at the same time. (Watson v. Christian, 12 Bush, 424; Vance, &c., v. Campbell's Heirs, 1 Dana, 229; Chambers, &c., v. Davis, 5 B. M., 522; Taylor v. Loller's Ex'rs, 8 Ky, Law Rep., 73.)

2. The widow having lost her right to the homestead by accepting the provisions of the will, the homestead is also destroyed as to the children. (5 Ky. Law Rep., 580; Watson v. Christian, 12 Bush, 524.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

The land in question is included by the fourth clause of the will of George Farthing: "I will and devise to my beloved wife and children, namely: Susan Francis Farthing, Charles W. Farthing, H. M. Pulliam, N. J. Farthing, C. B. Farthing, and J. C. Farthing, all the balance of my personal property and real estate, of whatever kind, and I hereby declare this writing to be my only and last will and testament."

It is plain the testator intended to give to his wife not a life estate, remainder to the others named in that clause, but a joint and equal interest in the fifty-two acres with them; for one of his children, plaintiff and appellant, Mary E. Hazelett, was purposely excluded from any interest, while one of those named, H. M. Pulliam, was not his child, but a stepson, he having been twice married, and having at his death two sets of children.

It is alleged in the petition of plaintiff that the widow, who is her step-mother, accepted provisions of her husband's will, and has, together with infant children, occupied the land under it for twelve years

past. The relief prayed for is sale of the land, and division of the proceeds, a portion of which plaintiff claims in right of her full brother, one of the persons named in the fourth clause, but since deceased.

Section 14, article 13, chapter 38, General Statutes, it seems to us, was intended to apply in case of the husband dying intestate, when, as thereby provided, "the homestead shall be for the use of the widow so long as she occupies the same, and the unmarried infant children of the husband shall be entitled to a joint occupancy with her until the unmarried infant child arrives at full age."

It is true the widow may, by renouncing the will, not, however, done in this case, claim and have benefit of a homestead or dower right in land, but not both. But a person was not intended, by what is called the homestead law, to be precluded from disposing of his homestead by will in any manner he might choose, though of course subject to right of his wife to renounce the will and claim under the statute.

In our opinion, the case of Elmore v. Elmore's Adm'r, 5 Ky. Law Rep., 580, is conclusive of the right of both the widow and children of the testator, George Farthing. It was there held that the widow having accepted the provisions of the will, she had no right of homestead, and, if she has none, the children in such state of case have none. The latter part of section 14 provides: "But the termination of the widow's occupancy shall not affect the right of the children; but said land may be sold subject to the right of said widow and children, if a sale is necessary to pay debts of the husband."

It has accordingly been held by this court that the widow could not, by terminating her occupancy, nor otherwise, deprive the infant children of their homestead right. But such rule applies only in cases where the widow and children become entitled to a homestead by operation of law, not where the husband and father has otherwise disposed of his land by will. Neither the widow or infant children had, when this action was commenced, a homestead right to the land of testator, George Farthing, but appellant was en titled to have the land sold, not being susceptible of division, and the share of proceeds of sale she inherited from her deceased brother allotted to her.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.