## McLean, et al v. Trabue.

(Decided March 16, 1911.)

### Appeal from Todd Circuit Court.

Homesteads—Devise by Owner—Rights of Creditors.—The owner of a homstead can not devise it to his children and thus defeat the rights of the creditors under the statute to subject the land to their debts after his death. Myers v. Myers, 89 Ky., 442, is overruled.

C. A. DENNY for appellant.

W. B. REEVES, JR., for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming.

Jerry McLean died a resident of Todd county, the owner of ten acres of land on which he resided, worth less than $1,000.00. His wife had died some years before; his children were of age and had settled off to themselves. He left a will which was duly probated by which he devised the land to his children. L. P. Trabue, who held an unpaid judgment against Jerry McLean, brought this suit against his children to sell the land for the payment of his debt. They filed an answer alleging in substance that the land was the homestead of their father; that he had devised it to them, and that they so took it free from the payment of his debts. The circuit court sustained a demurrer to this part of the answer, and entered judgment for the sale of the land. They appeal.

Section 1707 Ky. St. is as follows:

"The homestead shall be for the use of the widow so long as she occupies the same, and the unmarried infant children of the husband shall be entitled to a joint occupancy with her until the youngest unmarried child arrives at full age. But the termination of the widow's occupancy shall not affect the right of the children; but said land may be sold, subject to the right of said widow and children, if a sale is necessary to pay the debts of the husband."

As Jerry McLean left neither widow nor infant children, it is apparent that under this statute, if he had left no will, the land might be sold for the payment of his debts. But the power to make a will is derived entirely from the statute. He who makes a will can only make

such disposition of his property thereby as the statute allows. He who takes under a will, takes subject to the provisions of the statute. Our statute among other things contains these provisions:

"A devisee shall be liable for all debts and liabilities of the testator in the same manner as the heir of the testator would have been liable if the property devised had descended to the heir." (Ky. St. 2084.)

"To the extent of assets received, the representative, heirs and devisee of an heir or devise, shall be chargeable for the liabilities of their decedent or testator, respectively, to the creditors of the original decedent or testator." (Ky. St. 2088.)

Construing the statute in Ferguson v. Worrell, 125 Ky. 624, we said:

"Under these sections the devisee or heir who received by devise or descent, property, is liable to the extent of the estate received, for the debts and liabilities of the testator or intestate."

This case followed Feltman v. Butts, 8 Bush, 115, Rubel v. Bushnel, 91 Ky. 251 and Schaefer v. Voght, 23 R. 2291. The same rule has since been laid down in Hills v. Grizzard, 133 Ky. 816.

If there had been no will the children of McLean, taking the property as his heirs at law, would have taken it subject to the payment of his debts, and by the express mandate of the statute the devisee and heir are placed on the same plane. It is earnestly insisted however that a contrary rule has been laid down by this court. In Watson v. Christian, 12 Bush 524, the owner of the homestead had devised all his estate to his widow subject to the payment of his debts. She did not renounce the will, and it was held that she could not claim under the will and against it, and had thus lost her right to hold the homestead under the statute. In Myers v. Myers, 89 Ky. 442, the owner of the homestead devised it to his wife and infant child absolutely. The wife died and an action was brought by a creditor against the infant to sell the homestead. The court held that the homestead belonged to the debtor and that as he could dispose of it during his lifetime, his disposition of it by will, was valid, and passed to the infant the property absolutely. But in this case the court seems to have overlooked the provisions of the statute of wills above quoted. In Pendergest v. Heekin, 94 Ky. 384, the owner of the homestead devised

it to his wife and child. His wife created debts, and her creditors levied on her homestead. The levy was set aside. In Hazelett v. Farthing, 94 Ky. 421, the owner of the homestead devised it to his wife and children. One of the children after some years brought a suit for division which the widow resisted. It was held that she had taken under the will, and that the plaintiff was entitled to a division of the land. No right of a creditor was involved in that case which followed Elmore v. Elmore, 5 R. 580. In Nichols v. Lancaster, 17 R. 778, the court followed the ruling in Myers v. Myers, but said:

"No devisee who would not be entitled, under the statute, to a homestead has been held entitled under a will, but the taker is said to hold, not under the statute, but under the will."

In Schnabel v. Schnabel, 108 Ky. 536, the above language was repeated. In that case the owner of the homestead had devised it to his wife and children subject to the payment of his debts. The widow had not renounced the will, and it was held that she took the property subject to the debts. But it was also held that the infant children were entitled under the statute to the occupancy of the homestead, and that this right which the statute gave them they could not be deprived of by the will of their father. It will be observed that the conclusion reached in this case is wholly inconsistent with the principle upon which the case of Myers v. Myers was decided. That case proceeds upon the idea that the owner of the homestead may by will dispose of it as he pleases, while this case expressly holds that he cannot by his will affect the rights of the infant children. And it will be observed that under Section 1707, the rights of the infant children are no more expressly protected than the rights of the creditors; for the statute provides "said land may be sold subject to the right of said widow and children if a sale is necessary to pay the debts of the husband." The case of Schnabel v. Schnabel was followed in Kiesewetter v. Kress, 24 R. 1239. In Logsdon v. Haney, 25 R. 245, the widow had failed to renounce the will, and the court held her estopped as in the previous cases. In Rothnell v. Rothnell, 31 R. 852, the owner of the homestead had in his lifetime made a deed conveying it to another, and no question of the rights of the devisee there arose.

These are the cases that appear to have been decided on the question. Summing them up we have this: (1) It

has been decided in a number of cases that where the owner of the homestead devises his estate to his widow subject to the payment of his debts and she does not renounce the will, she loses her right to a homestead under the statute by electing to take under the will. (2) It has been held in two cases that the owner of a homestead may devise it, and where he devises it absolutely, the devisee is not chargeable with the payment of his debts. (3) It has been held in two subsequent cases that the owner of a homestead cannot by his will affect the right of his infant-children to an occupancy of the homestead as provided by the statute, and in two cases it has been said a homestead may be devised only to those who take it under the statute. (4) It has been held in several cases that the devisee like the heir takes all the property devised subject to the debts of the devisor.

No distinction can be made between a homestead and other property so far as the liability of the devisee for the debts of the devisor is concerned; for the homestead statute itself provides that the homestead shall be subject to sale for the payment of the debts subject to the rights of the widow and infant children. No distinction can be maintained between a will devising the homestead to the wife and children and one devising it to others. The efficiency of the will depends upon the power of the devisor, and if the devisor has not the power to dispose of the property, the devisee takes nothing under the will. The owner of the homestead can no more affect by his will the rights of the creditors to have the property sold for the payment of their debts than the right of the widow and infant children thereto, for the rights of both are conferred in the same sentence. The ruling therefore in the later cases that the will is inoperative as to the infant children, so far as their right to occupy the homestead is affected, is necessarily inconsistent with the ruling laid down in the two previous cases, and these decisions depart from the rule laid down in the case of Myers v. Myers which was followed in Nichols v. Lancaster written soon thereafter. The statute is peremptory and must be followed. The case of Myers v. Myers and Nichols v. Lancaster. so far as they are inconsistent therewith, were practically overruled in the later cases; and so far as they are inconsistent herewith, they are disapproved.

We therefore conclude that the circuit court properly subjected the property to the payment of the debts of the testator.