### Demarest v. Allen.

(Decided September 17, 1920.)

## Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

Homestead—Right of Homestead of Infant Children in Property Devised by One Parent to Another.—Where a wife owning property in fee simple, and owing no debts, devised her property to her husband, who did not renounce the will, their infant children have no homestead in the property.

HENRY S. BARKER for appellant.

POPE NICHOLAS for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

Anna M. Demarest, the former wife of C. Agnew Demarest, was the owner of a house and lot in the city of Louisville worth about $7,000.00, which was occupied as a home by her and her husband and their two infant children. Upon the death of Mrs. Demarest, who owed no debts, she left a will by which she devised the property in fee simple to her husband, C. Agnew Demarest. The husband and the two children continued to occupy the property as a homestead for several years, when he married again and moved to Chicago, where he purchased another home, which is now occupied by him and his family, including the two children by his first wife. Wishing to dispose of the Louisville property, he entered into a written contract with E. S. Allen, by which he sold it to him for $7,000.00 cash, with the agreement that the title should be good and merchantable. Allen refused to comply with the contract of sale on the ground that each of the infant children of the former Mrs. Demarest has a homestead right in the property until he reaches the age of twenty-one years.

An agreed case for specific performance of the contract based on the foregoing facts was submitted to the chancellor. Allen's contention was sustained and specific performance was denied. Demarest appeals.

The chancellor's decision was based on the ruling in Schanbel v. Schanbel, 108 Ky. 536, 56 S. W. 983, 22 Ky. L. Rep. 234, holding that where the widow fails to renounce the provisions of the husband's will, devising to her his entire estate subject to the payment of his debts, she cannot claim the homestead as against

his creditors; but, as the rights of infant children cannot be thus defeated, they are entitled to occupy the entire homestead jointly with the widow until they become of age. But we are not inclined to extend that doctrine beyond the facts of that case. It must be remembered that our homestead statutes do not create an estate in land, but merely accord to the owner, who is a housekeeper with his family, the privilege of occupying it as against his creditors; and it is this exemption and nothing else that continues after the death of the debtor for the benefit of his widow and children, enlarged only to the extent that the temporary absence of the widow will not forfeit or terminate it where she still holds possession by a tenant or agent. Evans v. Evans, 13 Bush 587. And though it be true that marriage gives to husband and wife an estate in the real property of the other, and that the owner of the property can neither deed nor devise it so as to deprive the other of this right against his or her consent, it is clear, under our statutes, that, during the lifetime of parents, children have no right to the homestead which can be asserted against the parents' acts. Hence, it has been held that the rule that the widow cannot, by terminating her occupancy, or otherwise, deprive the infant children of their homestead right, applies only in cases where the widow and children become entitled to the homestead by operation of law, and not where the husband and father has otherwise disposed of the property by will. Hazlett v. Farthing, 94 Ky. 421, 22 S. W. 646. Hence, where the parent owns not merely a homestead right in the property as against creditors, but owns the property absolutely and has no creditors, and devises it to the other parent, who accepts the provisions of the will, there is no way by which the homestead right in their infant children may accrue. Any other view would put it beyond the power of the parent, owning the property and having no debts, to dispose of the property as he or she saw fit, subject, however, to the right of the children to contest the will for mental incapacity, undue influence or fraud. Having this view of the question, it follows that the infant children of the former Mrs. Demarest have no right to occupy the property in question until they reach the age of twenty-one years, and that there is no defect in the title.

Judgment reversed and cause remanded with directions to enter judgment decreeing specific performance of the contract.