JUDGE ELLIOTT
delivered the opinion op the court.
Gabriel Acton departed this life domiciled in the county of Ohio, the owner and in the occupancy of one hundred and thirty-seven acres of land, leaving his widow, the appellee, Cordelia B. Acton, and his two children, ¥m. L. and Sarah C. Acton, in the possession and occupancy thereof.
In a suit by his administrators to settle his estate as insolvent the present appellants were made parties as general creditors, and in pursuance of a judgment sustaining the widow’s claim to a homestead, commissioners were appointed to value it, who allotted to her the entire tract of one hundred and thirty-seven acres as a homestead for her and her infant children. Their report thereof made to court was afterward confirmed.
It seems the estate of decedent was insufficient for the discharge of the claims of the lien and preferred creditors, and appellants, being neither, received nothing; and on the 13th of April, 1876, they brought this action, in which they charge an entire abandonment of the allotted homestead by the widow and her children since the death of her husband, and a removal by her to Daviess County, in this state. They also charge that Sarah C. Acton has become the wife of Robert N. Duke, and as a legal consequence of the facts charged, the appellants claim that the right to a homestead has been forfeited by Cordelia B. Acton and her children, and a sale of said tract of land is invoked in satisfaction of their claims, and a judgment is asked by which said Cordelia and her children shall be forever barred and restrained from setting up their claim to a homestead in the said premises.
*377 Waiving the question as to whether the appellants can re-litigate the right of said widow and children to the homestead, as the same was settled by the judgment of the court in a former suit, to which appellants were parties, we proceed to a discussion of the rights of the parties in the present action.
By chap. 38, art. 13, sec. 14, page 434, General Statutes, it is provided that “the homestead shall be for the use of the widow so long as she occupies the same, and the unmarried infant children of the husband shall be entitled to a joint occupancy with her until the youngest unmarried child arrives at full age. But the termination of the widow’s occupancy shall not affect the right of the children; but said land may be sold subject to the right of said widow and children, if a sale is necessary to pay the debts of the husband.”
It is conceded that as between the husband and his judgment creditors the homestead exemption is only a privilege, which continues only so long as he actually occupies the premises so allotted to him.
But in this ease the husband is dead, and the widow’s only child of any size had married, and, as she charges, she rented the premises and left them at the time because she was unable to attend to the cultivation herself.
It is admitted by the appellant that the widow’s son William L. is under fourteen years of age, and therefore, by express statutory provision, the termination of her occupancy can not affect the rights of her infant son; but we are of opinion that the widow’s temporary absence from the premises after having rented them out and placed her tenant in possession thereof is not such an abandonment as will forfeit her claim to the homestead under the statute, for she may be said to be' in possession by her tenant, and so long as she is in the occupancy or control of the premises by herself, her agent, or tenant, her right to the homestead will continue; and so far as her infant son is concerned, his right to the homestead does *378 not depend upon his occupancy, but upon his minority; nor can he be deprived of said right either by his mother’s abandonment of the homestead or his own failure to occupy the same.
Wherefore the judgment of the circuit court is affirmed.