CHIEF JUSTICE LINDSAY
delivered the opinion oe the court.
The only question presented by this appeal is, whether, by the 5th section of the act of February 10, 1866, entitled “An act to exempt homesteads from sale for debt” (Myers’s Sup. 714), the widow and children of the deceased debtor take an estate in fee in the realty set apart as a homestead. The concluding clause of said section is in these words, “ And such exemption shall continue after the death of the defendant for the benefit of his widow and children, but shall be estimated in allotting dower.” The whole tenor of the act shows that the intention of the legislature was not to enable the debtor to hold property free from the demands of his creditor, but to protect him in the enjoyment of his homestead so long as the realty exempted is actually used as a home for himself and family. (4 Bush, 47.)
The act did not create a new and inalienable estate in the debtor; it merely exempted a portion of his lands from coercive sale by his creditors so long as his occupancy of the same should continue: (Brame and wife v. Craig, 12 Bush, 404.) And this exemption, and nothing else, continued after the death of the debtor Evans for the benefit of his widow and children, enlarged only to the extent that the temporary .absence of the widow, she still holding possession by her tenant or agent, will not forfeit or terminate her claim to the homestead. (Phipps v. Acton, 12 Bush, 375.) It follows, therefore, that neither the widow or children of Evans are prejudiced by the judgment decreeing the sale of the homestead, subject to the widow’s right to hold and enjoy the same during her natural life.
Other questions are discussed by counsel, but none others are presented by the assignment of errors.
Judgment affirmed.