HARRIET FRANCES *v.* ABE ADAMS.

**Dower Estate Subject to Sale.**

When dower is assigned it becomes liable to sale on execution like any other legal estate.

**Abandonment of Homestead.**

Where the owner of real estate removes from the land without any intention to return to reside on it, she thereby abandons her right to claim a homestead exemption therein.

APPEAL FROM CALLOWAY CIRCUIT COURT.

December 5, 1879.

OPINION BY JUDGE COFER:

Dower, when assigned, is subject, like any other legal estate, to sale under execution. The appellant ceased to reside on the land at least two years before the fi. fa. issued, and that, too, without any intention, as far as appears, to return to reside upon it. That was an abandonment of the homestead exemption. *Carter, Fisher & Co. v. Goodman,* 11 Bush 228. The case is not like that of *Phipps v. Acton,* 12 Bush 375. There the homestead was owned by the husband, and was continued after his death for the benefit of his widow by the express provision of the statute, which, as to such a homestead, does not require continued residence thereon. In this case the husband never had a homestead in the land. He died long before the homestead act was passed, and whatever right of exemption the appellant had was her own, and was not derived from her husband, and she is in precisely the same condition she would have been if she had held a life estate derived by purchase or lease from a stranger. The court, therefore, properly overruled the motion to quash the sale.

The value of the timber cut since the appellee purchased as proved by the evidence, did not exceed $65 or $70. S. H. Frances, whose deposition was taken by the appellee, and who seems to testify with great candor, and names nearly or quite all the persons proved by any witness to have gotten any of the timber off the land, says

Blakey got $3 worth of logs, Loveger $6, Wylie Rogers $1.80, Paschal $1, Sam Rogers $12, Farless $16.80, the two Brocks $4, Smith $6, Witness $6.80, Brooks 700 rails, $1.25, Ford 600 rails, $1.50, Jones 500, $1.25, Blakey 75 cents.

Jones, one of the defendants, proves that he bought 100 logs at 15 cents; that he cut 90 of them and hauled away 40, and left the remainder on the ground, and they were adjudged to the appellee. Farless cut a few logs and made a few rails, and they also remained on the land and were adjudged to the appellee. There may have been some other small lots of logs and rails sold since appellee purchased, but it is not certain that all that we mentioned was cut after that time, so that our estimate is rather above than below the actual full value of the timber sold from the land since the appellee made his purchase. He owns an interest in two-thirds of the reversion which is subject to the life estate of the appellant, who is about 50 years of age. It does not appear that the timber cut was of the value exceeding the prices for which it was sold, or that the reversion has been materially injured by removing it. When all these facts are considered, we think the timber cut and remaining on the land, and which was adjudged to the appellee, will fully compensate him for the injury that he has sustained, and that no judgment should have been rendered in his favor except permitting him to remove the cut timber, and enjoining the appellant from cutting or allowing others to cut from the land more timber than is reasonably necessary for firewood for herself or tenants residing on the land, and to keep the improvements on it in proper repair.

Judgment *reversed* and cause remanded for a judgment in conformity with this opinion.

*L. Anderson, for appellee.*