CASE 110—EQUITY—OCTOBER 18, 1881.

## Sansberry v. Simms' adm'x.

APPEAL FROM WASHINGTON CIRCUIT COURT.

1. The law gives to a widow a homestead for her use as long as she occupies it by herself, her tenant, or agent, without reference to the kind or value of other property she may have in her own right, or the source whence she derived it, and she cannot be divested of it, except by her own act.

2. The property given to her by her husband before his death cannot be estimated in fixing the value of her homestead.

3. It was error for the court to adjudge that she was entitled to one thousand dollars absolutely out of the sale of her husband's land. Her estate in it is for life only.

R. J. BROWNE AND J. W. S. CLEMENTS FOR APPELLANT.

1. Appellee lost her right to a homestead by abandoning the premises before it was allotted to her.

2. She resided in a house of her own after her husband's death. The law does not give the widow her homestead. This home of her own should at least be estimated in allotting the homestead. (Sec. 14, art. 13, chap. 38, Gen. Stat.; Gasaway v. Woods, 9 Bush, 72; Mason v. Rogers, 4 Littell, 377; Phillips v. Pope, 10 B. Mon., 172.)

JNO. W. LEWIS FOR APPELLEE.

1. Appellee did not leave the property for any other purpose than to rent it.

2. It is immaterial how she became entitled to her other real estate. The statute is peremptory that she shall have out of her husband's estate, after his death, a homestead of the value of one thousand dollars. (Phipps v. Acton, 12 Bush, 377; sec. 14, art. 13, chap. 38, Gen. Stat.; Ib., sec. 9; Ib., sec. 12; Eustache v. Rodiquet, 11 Bush, 46; Gasaway v. Woods, 9 Bush, 72; Hansford v. Holdman, 14 Ib., 412; 38 Texas, 410; 79 Ills., 455; Thompson on Homesteads and Exemptions, secs. 266, 271, 274; 53 Ills., 346; 18 Am. Law Reg., 457; Ky. Law Rep., July, 1880, 62; Ib., Sept., 200.)

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

In September, 1878, J. R. Simms died intestate and without children, but left a widow, and a brother, sister, and infant children of a deceased sister his heirs at law.

January 31st, 1879, the widow brought this action, making the heirs at law defendants. In her petition she claimed a homestead exemption in a house and lot, and dower in another lot; and alleging the property was not susceptible of division, asked for judgment directing the sale of both lots, and the payment to her the value of the homestead in money arising from the sale, and the residue to those entitled to it.

The court adjudged she was entitled to a homestead exemption in the property of the value of one thousand dollars, and ordered the sale, and the payment of that sum to her out of the proceeds, and the balance to the heirs. No order was made for allotment of dower to the widow, nor is she entitled to it, having claimed her homestead exemption, which exceeds it in value.

From that judgment the defendants have appealed, and the errors assigned by them will be considered in their order.

1st. They contend the court erred in adjudging she was entitled to a homestead exemption, because having, after the death of her husband, ceased to occupy the premises, she forfeited her right to it.

She admits that, about five weeks after her husband died, she did leave the homestead and remove to a house conveyed to her by him previous to his death, but denies the removal was permanent, and it is not shown it was. She states that the duration of her occupancy of the house to which she removed was intended to be only until she could sell it, which she desired to do. It appears that she leased the homestead, and took notes for the rent payable to herself, and that, except a few weeks when she was absent on account of ill health, it was continually occupied by herself or tenants.

Construing section 14, article 13, chapter 38, General Statutes, this court, in the case of Phipps v. Acton, 12 Bush, 377, not essentially different from this, used the following language:

"But we are of opinion that the widow's temporary absence from the premises, after having rented them out, and placed her tenant in possession thereof, is not such an abandonment as will forfeit her claim to the homestead under the statute: for she may be said to be in possession by her tenant, and so long as she is in the occupancy or control of the premises by herself, her agent, or tenant, her right to the homestead will continue."

We consider that case decisive of the question of appellee's right to a homestead exemption in the property.

2d. It is contended that her husband having, before his death, provided her a house and lot in which to reside, and to which she removed after his death, the object of the law was complied with, and she ought not to have a homestead in the property owned by him when he died.

The record does not show either the consideration or purpose of the conveyance to her by her husband, nor is there any evidence she accepted the property so conveyed in lieu of her homestead exemption. It must therefore be regarded like any other property she may have owned, as being no obstacle to her claim of homestead exemption. The law gives to the widow the homestead for her use as long as she occupies it by herself, her tenant, or agent, without reference to the kind or value of other property she may have in her own right, or the source whence she derived it; and she cannot be divested of her homestead right except by her own act. Nor should the property given to her by her husband before he died be estimated in fixing the value of her homestead exemption.

It is true this court, in the case of Miles v. Hall, 12 Bush, 109, where the widow owned an undivided interest in her own right in the homestead itself, held that such interest should be estimated as part of the exemption. But here the property owned by appellee is disconnected, and constitutes no part of the homestead.

If a part of the widow's own real property may be estimated in fixing the value of the homestead exemption, all, or enough, if she have it, to equal the entire amount, may be; thus, in many cases, depriving them of what the law in express terms gives them.

3d. It is contended that though she may be entitled to the homestead while occupied by her, appellee is not entitled

to any part of the money for which it was sold, or to the use of it.

It is true the homestead is only for the use of the widow so long as she occupies it, and no express provision is made for the sale of it for her benefit.   And, on the other hand, if it is not divisible, however valuable, the law makes no provision for the sale of it, except subject to her right of occupancy, even for the payment of debts against the estate of her deceased husband.   If, therefore, the strict letter of the law is adhered to, cases of extreme hardship to creditors and heirs, as well as to the widow, may arise, requiring relief by courts of equity.   But as justice may be done here without violating the letter or spirit of the law, it is not necessary to inquire how far a court of equity might go in such cases.

No objection was made by appellants in the court below to a sale of the property, nor do they ask a reversal of the judgment on that ground.   Having consented to a judgment for the sale, which the court had no authority to render without, appellants cannot be heard in this court to object to the payment to appellee the value of her homestead exemption out of the money arising from the sale.

4th. But the court below erred in adjudging she was entitled to one thousand dollars absolutely.   She is not entitled to a homestead exemption of the value of one thousand dollars, but to such exemption in land, including the dwelling-house and appurtenances, not exceeding in value that sum.   And she did not acquire by the sale a greater interest or estate in the money for which it was sold than she had in the land.

The court should have provided in the judgment either for the safe investment of one thousand dollars for her use

and benefit during life, or paid it over to her, requiring bond with good security for the return of it to the heirs at her death, or given to her absolutely what her life estate in that amount is worth, rated by the American annuity and life-tables, taking into consideration her age, health, and probable duration of life, as she might elect.

For that error, the judgment is reversed, and cause remanded for further proceedings consistent with this opinion.