CASE 25—PETITION ORDINARY—OCTOBER 29.

# Armstrong, Etc. v. Bell.

APPEAL FROM JEFFERSON CIRCUIT COURT, LAW AND EQUITY DIVISION.

1. SHERIFFS—WRONGFUL LEVY—SPECIAL BAILIFF—DEMAND.—The possession of personal property is *prima facie* evidence of ownership, and it is the duty of a sheriff to levy upon all personal property found in the possession of a defendant in an attachment writ, unless he knows, or by reasonable diligence could discover, that it was not the property of such defendant; and he is not liable as a trespasser, unless he had notice of the true ownership at the date of the levy.

2. SAME.—But a sheriff will be liable for the detention of such property after demand by the owner thereof for possession of same is made upon the special bailiff whom the sheriff put in possession thereof, coupled with an assertion of ownership; such demand and assertion being a notice that would be binding upon the sheriff himself.

Armstrong, etc. v. Bell.

C. B. SEYMOUR FOR APPELLANTS.

1. In levying on the property of appellants for the debt of another and detaining same, the sheriff is liable for such detention whether or not he had notice of the ownership; a notice to his bailiff in charge of the property was notice to him. Harrison v. Shanks, 13 Bush, 623; Forsythe v. Ellis, 4 J. J. M., 301; Sedgwick on Damages, vol. 2, p. 472 note and p. 444; Philips v. Harris, 3 J. J. M., 126.

2. The sheriff commits a trespass when he levies on the property of one under an attachment against the property of another. and it is immaterial whether he had actual notice or any notice whatever. Long v. Bledsoe, 3 J. J. M., 307; Sutherland on Damages, vol. 3, p. 485.

KOHN, BAIRD & SPINDLE FOR APPELLEE.

1. Possession of personal property is *prima facie* evidence of ownership, and it is the duty of the sheriff to levy upon such in the possession of the defendant in the writ, unless he has notice or knowledge of its true ownership. Murfree on Sheriffs, secs. 956, 964, 965; Shinn on Attachment and Garnishment, secs. 210 and 387; Drake on Attachments, sec. 199; Hildreth v. Fitts, 53 Vt., 684.

2. A levy upon personal property of a stranger in the possession of the defendant in the writ without notice or knowledge of its true ownership is not a trespass, unless the sheriff refuses to deliver possession after demand and reasonable opportunities to investigate. Hildreth v. Fitts, 53 Vt., 684; Kelly v. Scamwell, 12 Cal., 73; Bond v. Ward, 7 Mass., 126; Daniel v. Graham, 6 Cal., 44; Taylor v. Seymour, 6 Cal., 512.

8. In such case the general rule that a writ justifies trespass only as against the defendant in the writ does not apply. The authorities cited by appellant are distinguished and do not apply to the facts in the case at bar.

4. Notice to a special bailiff is not notice to the sheriff. Taylor v. Seymour, 6 Cal., 512; Kent's Commentaries, 630 and note; 8 Ala., 519.

JUDGE BURNAM DELIVERED THE OPINION OF THE COURT.

This is an action against appellee for damages for wrongfully taking possession of a barge belonging to appellants, as sheriff of Jefferson county, on the 3d day of July, 1893, and withholding the possession thereof for two hundred and

eleven days, the seizure having been made under attachments which issued from the Carroll Circuit Court in favor of the Peacock Coal Co. against one Peter E. Told, and also under attachments which issued from the Kenton Circuit Court in favor of Ford, Eaton & Co., and one Streng, as plaintiffs, against the same defendant.

The facts in the case, about which there seems to be no dispute, are: That the defendant in the attachment writs, Peter E. Told, about the 15th day of June, 1893, purchased from the plaintiffs in this action, who were engaged in the business of dealing in and freighting coal on the Ohio river, and who reside in West Virginia, through their agent, the coal in the barge in question, which was marked "Armstrong 88," and at the same time contracted for the use of the barge itself for a period of from thirty to forty-five days, and obtained from them authority to transport the coal in the barge to Louisville, where it was to be unloaded and the barge returned to the plaintiffs. Told took this barge, with a number of others, also loaded with coal, to Louisville, and whilst lying at the wharf in the possession of one Duffy, as his bailee, it was levied on by the sheriff under the aforesaid attachments, and was left by him in charge of one J. T. Duffy, as special bailiff. It further appears that at the time of this levy neither the plaintiffs themselves nor any agent of theirs was in Jefferson county, and that the sheriff, at the time of the levy, had no information that the barge in question was not the property of the defendant in the attachment writ, but that a short time after the levy the defendant in the attachment writ, Told, notified the special bailiff, Duffy, in whose charge the property had been left by the sheriff, of

the facts with regard to the barge No. 88, informing him that it belonged to the plaintiffs in this action, and request- ing that it be turned over to them, and there is filed with the deposition of John A. Armstrong, Jr., one of the plain- tiffs, a letter dated October 18, 1893, addressed to the plain- tiffs at Point Pleasant, W. Va., from J. T. Duffy, the special bailiff, in which he says: "In reply to yours of the 16th instant will say that 'Armstrong 88' was attached as the property of Peter E. Told about July 7, 1893, and has never been released. The first attachment was made by the Pea- cock Coal Co. about July 2d. The Armstrong barge No. 88 was not mentioned in that attachment. It was afterwards included in the attachment filed by Ford, Eaton & Co., and D. B. Serena. The lawyer for the last two firms is Mr. Charles Fisk, of Covington, Ky., and for the Peacock Coal Co., Mr. R. H. Fleming, of Ludlow. Write Mr. Peter E. Told, through the attorneys above mentioned, and have the assignee, Mr. Fleming, send an order here releasing the barge, and we will most cheerfully send it to you at the first opportunity.            Yours very respectfully,

"J. T. DUFFY."

Upon these facts two questions arise: First, is the sher- iff absolutely liable in a suit for damages where he levies an attachment upon personal property which he finds in the possession of the defendant to a writ, believing it to be the property of such defendant, and which is represented by those in possession as the property of the defendant, when it turns out to be the property of a third person, be- fore any claim of ownership or demand for the possession thereof has been made by such third person; and, second,

Armstrong, etc. v. Bell.

is a notice of ownership and demand for the surrender of
such property by the owner thereof, which is made to the
special bailiff in charge, equivalent to a notice and demand
upon the sheriff himself?

It is the duty of a sheriff, having in his hands an attach-
ment against a defendant, to exercise diligence in hunting
up the property of such defendant and levying upon it, and
for any failure of diligence on his part in this respect he is
liable to the party injured; and we take it to be a well-set-
tled rule of law that the possession of personal property is
*prima facie* evidence of ownership, and that it is the duty of
the sheriff to levy upon all personal property found in the
possession of a defendant in an attachment writ, unless he
knows, or by reasonable diligence could discover, that it was
not the property of such defendant (Murfree on Sheriffs, sec-
tion 965; Shinn on Attachments, section 210 and 387, and
Drake on Attachments, section 199); and that he is not lia-
ble as a trespasser therefor unless he had notice of the true
ownership of the property levied on at the date thereof, or
refused to deliver the possession of the property so levied up-
on after he received information as to the ownership of the
third party, upon proper demand made. But with regard
to the second proposition there seems to be some doubt. We
have not been cited to any authority bearing directly upon
this question, except a single case in California, where the
facts are not fully stated; but it would seems that, as the
special bailiff was in possession of this attached property
as the agent of the sheriff, and by his appointment, a de-
mand made upon him for the release of the property, coupled
with an assertion of ownership, is a notice which would be

binding upon the sheriff himself. The rightful owner of property in the wrongful possession of another has the right to make the demand of the person actually in charge of same, as his rights thereto are paramount. There is no duty imposed by law upon him to investigate the authority under which the party in charge claims to hold possession. That is a question for the person in possession and those under whom he holds.

It will not do to say that the owner of property, which has been wrongfully seized by a sheriff, can have no relief except the demand for its release be made to the sheriff in person. It is easy to conceive of cases in which this would be impossible. The sheriff might be absent from the State, or sick; or many reasons might intervene to make this impracticable.

There can be no doubt from the evidence in this case that the special bailiff had information of appellants' claim to ownership of this property long before its surrender to them, in January, 1894. His letter of October 18, 1893, fully shows this, and would seem, from its tone and the information contained therein, to have been inspired by the defendant himself. In cases of this sort, where the sheriff has any doubt of his right to continue his levy, he is authorized by section 211 of the Civil Code to require an indemnifying bond, and it is his duty to do so, in order to protect the claimant, as well as himself, from loss. As he failed to do so, the plaintiffs have a right to maintain their action against him to recover compensatory damages for the wrongful seizure and detention of their property from the time the demand was made upon the special bailiff for its possession.

For the reasons indicated the judgment is reversed and the cause remanded for proceedings consistent herewith.