## Jenkins v. McVaw.

(Decided November 1, 1911.)

Appeal from Jefferson Circuit Court.
(Chancery Branch, Second Division.)

1. Infants' Real Estate—Suit to Sell by Statutory Guardian—Jurisdiction.—A court of equity has jurisdiction under section 490, subsection 2, Civil Code, and at the suit of infants by their statutory guardian, to sell real estate owned by them, and in which they also have a right of homestead, under section 1707, Kentucky Statutes.

2. Same—Homestead Statute.—There is nothing in the homestead statute taking from the court such jurisdiction.

3. Same.—As the right of homestead disposition may be exercised by the adult owner, there is no reason why the infant by his guardian may not do so, where it is shown to the court that it is for the benefit of the infant.

OSCAR O. BADER for appellant.

E. L. McDONALD for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

Appellant contracted in writing with appellee for the purchase of a house and lot in the city of Louisville, but when the latter, in pursuance of the terms of the contract, tendered her a deed of conveyance thereto, she refused to accept it, or to pay the consideration agreed upon for the property. Appellee thereupon brought suit in the court below for the enforcement of the contract, and the court by the judgment rendered sustained a demurrer to appellant's answer and compelled its specific performance. Appellant being dissatisfied with the judgment, by this appeal seeks its reversal.

Appellant's refusal to perform the contract was, as alleged in her answer, because of a supposed defect in appellee's title. That is to say it appears from the aver-

ments of the answer that the real estate in question was formerly owned by one Vitus D. Miller, who inherited it from his father, John A. Miller, deceased, subject to the dower right therein of his mother, Isabella Miller, who survived her husband, John A. Miller. Vitus D. Miller died intestate leaving a widow, Alice B. Miller, and three infant children, Robert, Vivian and Edward H. Miller, and was also survived by his mother.

The property, therefore, descended to his children, subject to the dower of their mother and grandmother therein. After the death of Vitus D. Miller, Isabella Miller by deed conveyed her dower in the lot to his widow, Alice B. Miller, and thereafter the latter instituted an action in the Jefferson Circuit Court setting out the above facts, alleging the indivisibility of the real estate, and asking that it be sold under section 490, subsection 2, Civil Code, for a division of the proceeds between her and her infant children according to their respective interests. The children and their statutory guardian were made defendants and all duly summoned. The infants by their guardian filed an answer and counter-claim in the action, also praying for a sale of the property and division of its proceeds as provided by the section of the Code, supra. The court entered a decree directing the sale of the property and division of the proceeds in the ratio of a third to each of the infants, and to their mother, Alice B. Miller, an estate in one-third of three-ninths for the life of Isabella Miller, and an estate in two-ninths for her own life. The property was publicly sold by a commissioner and purchased by the appellee, A. McVaw, to whom it was duly conveyed by an order of court and a deed from the commissioner, following the confirmation of the sale. The proceedings in the action were regular in every respect, so far as the record shows, and the purchaser immediately entered into possession of the property and remained the owner and in possession thereof, until its sale by her to appellant.

It is alleged in appellant's answer, and now insisted by her counsel, that as the property was of less value than $1,000.00, and was occupied by Vitus D. Miller as a homestead at the time of his death—which fact does not, however, appear in the record of the former action—his infant children had a right of homestead therein until they became twenty-one years of age, respectively, under section 1707, Kentucky Statutes, which fact deprived the

court of jurisdiction to sell the same; that the sale to appellee was ineffective to deprive the infants of their homestead right, and, therefore, actually void. The question presented by the record for decision, therefore, is, has a court of equity jurisdiction, under section 490, subsection 2 Civil Code, and at the suit of infants by their statutory guardian, to sell real estate owned by them and in which they also have a right of homestead, under section 1707, Kentucky Statutes? Section 490 of the Code places no restriction upon the power of the court to sell, at the suit of an infant, real estate in which he may have, in addition to the ownership of the title, a right of homestead. So, unless there is something in the homestead statute itself taking from the court such jurisdiction, the jurisdiction will not be questioned.

Section 1702, Kentucky Statutes, exempts from coercive sale for debt, a homestead not exceeding $1,000.00 in value. Section 1706 declares that the exemption with which the debtor is thus favored shall continue after his death for the benefit of his widow and children; and section 1707, that:

"The homestead shall be for the use of the widow as long as she occupies the same, and the unmarried infant children of the husband shall be entitled to a joint occupancy with her until the youngest unmarried child arrives at full age."

It will readily be seen from a reading of the several sections of the homestead statute that it places no limitation upon the right or power of the owner of the homestead, to dispose of it, whether such owner be sui juris or not.

In Brame v. Craig, 12 Bush, 404, we said:

"The homestead exemption is not an estate in the land, but only the privilege of occupying the same by a housekeeper, with a family, as against his creditors; and although the homestead is not subject to coercive sale by a creditor, a sale and conveyance of the tract of land covered by the homestead privilege, by the owners thereof, is not prohibited by the statute. We are of opinion that the homestead exemption law was intended to secure the exempted homestead to the debtor from the coercive grasp of his creditors, but it does not prevent him from selling the land covered by the homestead, and, therefore, a sale by him of the same, for a valuable consideration, vests in the vendee all the estate, which he had in the land."

In Loyd v. Loyd, 82 Ky. 521, we held that the statute

not only gives to infant children the homestead as against the creditors of their ancestor, but also against his adult heirs. Obviously, it is a beneficial statute designed to protect debtors and infants so situated as to come within its terms, and not to impose any restriction upon the right of alienation common to either class. As well argued by counsel for appellee: "It may not be expedient or practicable for an infant to occupy his homestead under many circumstances, and the law does not undertake to compel him to occupy it, any more than it undertakes to compel an adult to occupy his homestead. Neither is the right of occupancy any more an embarrassment, or an encumbrance to the infant owner of real estate than it is to the adult owner.''

As the right to dispose of the homestead may be exercised by the adult owner thereof, why may not the infant by his guardian and with the approval of a court of equity do likewise, if it be shown to the court that it is not practicable or expedient for the infant to occupy the homestead, or it is to his interest that it be sold and the proceeds reinvested for him, or income arising therefrom applied to his maintenance.

While no case seems to have been before us in which we were directly called upon to decide whether there is jurisdiction in a court of equity, under section 490 Civil Code, to sell real estate in which an infant has a homestead we have, it appears, in several cases recognized the validity of decretal sales thereof by requiring the value of the homestead to be set apart out of the proceeds of the real estate sold, and invested for the infants' use. Schnabel v. Schnabel, 108 Ky., 536; Thompson v. Thompson, 32 R., 319.

While section 1707, Kentucky Statutes, makes no provision for the sale of indivisible real estate worth more than $1,000.00, in which a widow has a right of homestead, and it was intimated in Sansberry v. Sims, 79 Ky. 527, that a sale could not be made in such case except by agreement of parties, yet in the later case of Warren's Admr. v. Warren, 126 Ky. 692, it was held proper for the court to order the sale of real estate in which the widow and the children had a homestead, and provide for the investment of a $1,000.00 of the proceeds for the benefit of the widow and unmarried infant children. The opinion saying:

"This $1,000.00 may be invested by order of the court, or it may be loaned; in either event the widow and child-

ren have the right in the property, or its proceeds given by section 1707, and the creditor of the husband, if the $1,000.00 be invested in property, may sell the same subject to the right of the widow and children. * * * The suggestion in Stansberry v. Sims, 79 Ky., 527, apparently in conflict with the views herein expressed, must be considered as dictum, not necessary to a decision of the question before the court."

It seems to be conceded by counsel for appellant that had the property sold in the instant case been worth more than $1,000.00 there would be less doubt of the validity of the sale. We are unable to see that the question of jurisdiction depends upon whether the property is worth more or less than $1,000.00. As we have already attempted to show, jurisdiction exists because there is nothing in the provisions of the homestead statute, or Code, that prevents its exercise, by imposing any limitation upon the power of the infant to sell the homestead with the approval of the court, and through its instrumentality. The court should, however, refuse its aid in every such case unless it clearly be made to appear that the sale would be beneficial to the infant. In the case at bar, the jurisdiction of the court being in our opinion established and, no error on the part of the court in decreeing the sale of the infants' real estate being apparent, the judgment under which it was sold must be given full faith and credit in the present action.

Wherefore the judgment appealed from is affirmed.