## Eldridge, et al. v. Embry.

(Decided May 5, 1914.)

### Appeal from Fayette Circuit Court.

Specific Performance—Action to Compel—Title—Acquired Under Section 490 Civil Code.—Where land was jointly owned by the husband and wife, she owning one-fourth and he three-fourths, and he died leaving a will giving to his wife a life interest in a third of his real estate, this was such a joint ownership· of a vested interest as authorized a sale under section 490 of the Civil Code.

H. E. ROSS for appellants.·

T. T. FORMAN, FORMAN & FORMAN for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

Appellants purchased a tract of land in Fayette county, and have refused to pay the notes executed in consideration for it. This is a suit by appellee vendor to coerce payment, and appellants resist on a plea of deficient title. The land was purchased by appellee at

judicial sale, and the power of the court to order a sale, the rights of infants being involved, is the question presented.

The land was owned jointly, and in fee, by Henry F. Embry and his wife, Laura Embry, the wife owning an undivided one-fourth interest. They were residents of Jefferson county, and the husband died in 1909. He left a will disposing of his large estate, real and personal, under some very unusual provisions; but there has never been any dispute between the heirs, or the devisees as to the meaning of it, and some parts of it are beyond controversy. By the second clause he gives to his wife one-half of his surplus personalty, and a life interest in one-third of his real estate. It will thus be seen that Laura Embry, his wife, owned in fee an undivided one-fourth interest in this land, and by the will she acquired a life interest in one-third of the other three-fourths. By the third clause of the will the testator devises the remainder of his "estate of every kind and wheresoever situated to my trustees hereinafter named upon the following trust, etc." The trust was in favor of his seven children, the trustees being directed to pay one-seventh to each of his five sons as they attained the age of 25 years, and as to his two daughters, he directed that each shall receive for life the income from one-seventh. By further clauses he directed that his brother, Talton Embry, qualify as guardian for his infant children, and that two other brothers, and two adult sons act as executors and trustees of his will. It is difficult to conceive just how the trustees can carry out the trust without selling his real estate, and there is a strong probability that the testator intended they should be given the power to sell, but such a power is not directly conferred.

In 1910 suit was filed under section 490 of the Code for a sale of the land, and a division of the proceeds. The executors and trustees, the widow, and all the adult children were parties plaintiff, while the four infant children, and Talton Embry, their statutory guardian, were made defendants. Copies of the petition, answers, proof, exhibits, and process are all a part of appellants' pleading in defense of this action, on the purchase money notes. It is not claimed that there was any irregularity in these proceedings, nor is it claimed that any of the parties in interest were not before the court. The appellee insists that by the third clause of the will, above

quoted, the legal title to this property went to the executors and trustees, and that they, in conjunction with the widow, had the power to sell and convey the land, and by their joint deed vest in the purchaser a fee simple title, but we deem it unnecessary to pass upon that question. If the title has ever passed from Henry F. Embry's heirs, it is by reason of the suit above referred to, and the decretal sale had thereunder. As a requisite for the sale of infants' realty, under section 490 of the Code, there must be a vested estate, joint ownership, and indivisibility. Appellants contend that the title of the Embry widow and children was not vested estate, nor was their possession such as contemplated in the Code section to authorize a sale. The proof in the suit above referred to showed that the land was not divisible, and the claim that the widow and executors-trustees were in possession is not disputed. It is also admitted that in addition to her life estate the widow owned in fee an undivided one-fourth interest. If the widow owned no more than a life interest, under the authority of Jenkins v. McNaught, 145 Ky., 205, this sale would have to be upheld. When it is perfectly clear that all the parties in interest were joint owners, and that they owned vested estates, and that they were in possession, and that the property could not be divided without materially impairing its value, it follows that these conditions meet every requirement of the Code section, supra. It is not necessary that there be unity of ownership either in time, title, or possession, or that each vested interest be equal or alike. (Atherton v. Warren, 120 Ky., 151). Section 2348 of the Kentucky Statutes secures to one joint tenant a right of partition, although the other joint tenants are laboring under disability. In discussing this proposition in Kean v. Tilford, 81 Ky., 600, this court said:

"And this being the case, the one tenant, by making a disposition of his interest by deed or will to his children, or to a stranger, containing a clause prohibiting a sale, cannot take from his co-tenants or joint owners the right to have the property sold if indivisible."

In Harting's Executor v. Milward's Executor, &c., 28 K. L. R., 776 (90 S. W. 262), it is said that infants, and those whose shares are contingent, hold their interest subject to the right of the other joint owners to have the whole property partitioned at any time. When the nature of the property is such that a partition in kind is

impracticable, then the provisions of section 490 for its sale apply. See also Walsh v. Parr's Executor and Trustee, 33 K. L. R. 242; Atherton v. Warren, 102 Ky., 151.

When the purchase money was collected from the decretal sale, the statutory guardian went into the circuit court, and executed the bond provided by section 493 of the Code, and thereupon receipted for the share of the infants in the land. This bond and the receipt were conditioned upon his investment and accounting as required by the trust clause in the testator's will.

The recent case of Hatterich v. Bruce, 151 Ky., 12, is conclusive on the power of the court to order a sale. The land was jointly owned in fee by four infant children, subject to the dower of their mother. In upholding a sale, and in answer to the same objections as are here made, the court said:

"The possession of the property is jointly held by the infants and their mother, though the latter is but the tenant for life in an undivided third in value of the whole."

In the case at bar the widow not only owned dower in three-fourths, but owned in fee the other fourth of it.

We are of opinion that the proceedings for a sale of the land under section 490 of the Code effectually passed the title of all the parties in interest, and since that is the only title brought in question by appellants, it follows that they have no just ground in refusing to pay the notes.

The judgment of the lower court is therefore affirmed.